**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

SERVICIOS ESPECIALES AL COMERCIO
EXTERIOR, s.c.,

        Plaintiff,

  v.                                      Case No. 08-CV-1117

JOHNSON CONTROLS, INC.,

        Defendant.

## ORDER

Plaintiff Servicios Especiales Al Comercio Exterior, s.c. ("Servicios") filed this suit against defendant Johnson Controls, Inc. ("JCI") alleging that JCI refused to reimburse it for costs Servicios incurred while assisting JCI in importing raw materials into Mexico. Servicios asserts claims for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, joint venture breach of contract, joint venture breach of the duty of good faith and fair dealing, and joint venture unjust enrichment. JCI contests the sufficiency of the "joint venture" claims and asks this court to dismiss Counts Four, Five and Six of the Amended Complaint, pursuant to Rule 12(b)(6). Based on the reasoning set forth below, the court will grant this request.

### BACKGROUND

Servicios is a Mexican corporation that provides financial, logistical, and technical services to businesses seeking to clear raw materials and goods through

customs at the Mexican border. (Am. Compl. ¶ 1). JCI is an American company that holds itself out as a Tier 1 supplier to the automotive industry. (Id. at ¶ 2). Servicios, JCI, and a third entity, Johnson Controls Automotriz Mexico Sociedad De Responsabilidad Limited De Capital Variable ("JCAM"), were parties to an agreement whereby Servicios promised to pay customs expenses for certain raw materials imported into Mexico for use by JCAM. (Id. at ¶¶ 3, 4). JCAM is a Mexican company and uses the imported raw materials in the manufacture of JCI automobile seats and interiors. (Id.).

Under the parties' agreement, Servicios promised to pay customs taxes and other customs-related charges on behalf of JCI and/or JCAM.[1] (Id. at ¶ 7). In return, JCI and/or JCAM promised to reimburse Servicios for these expenses. (Id.). The parties proceeded under the arrangement and Servicios received partial reimbursement for expenses incurred between 1998 and 2002. (Id. at 8). However, JCI and/or JCAM informed Servicios in 2002 that it believed Servicios had been over-reimbursed by approximately $300,000, and requested a reconciliation of bank deposits with the customs expenses paid by Servicios. (Id. at ¶ 9). Review of the documentation revealed that, in fact, Servicios had been under-reimbursed by 8,513,502.20 MXN.[2] (Id. at ¶ 12). JCI and/or JCAM refused to fully reimburse

---

[1] Though the phrase "JCI and/or JCAM" is imprecise, the plaintiff uses this phrase in the Amended Complaint and the court will do likewise.

[2] MXN denotes Mexican pesos. The exchange rate of Mexican pesos per American dollar in 2008 was approximately 11.016. *See* The Central Intelligence Agency World Factbook, www.cia.gov/library/publications/the-world-factbook/geos/mx.html (last visited January 13, 2010).

Servicios until it provided further proof of the outstanding balance owed. (Id. at ¶ 13). Though Servicios provided additional proof confirming the outstanding amount, JCI and/or JCAM continued to refuse to reimburse Servicios. (Id. at ¶ 15). This refusal prompted Servicios to file the instant suit on December 23, 2008.

## ANALYSIS

JCI asks the court to dismiss Counts Four, Five and Six of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court may dismiss a claim under Rule 12(b)(6) when, after accepting all factual allegations contained in the complaint as true, the complaint fails to describe a claim that is plausible on its face. *Doss v. Clearwater Title* Co., 551 F.3d 634, 639 (7th Cir. 2008); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff need not include detailed factual allegations for his claims to survive a motion to dismiss, however, the facts he alleges must be sufficient to raise a right to relief above the speculative level. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

JCI asserts that Servicios's claims for joint venture breach of contract, joint venture breach of the duty of good faith and fair dealing, and joint venture unjust enrichment fail because Servicios cannot establish a joint venture between JCI and JCAM. Counts Four, Five and Six allege that JCAM breached the contract by failing to reimburse Servicios, that JCAM breached its duty of good faith by demanding additional proof of outstanding amounts owed, and that JCAM was unjustly enriched because Servicios paid customs expenses on its behalf. These are all actions

-3-

undertaken by JCAM, who is not a defendant in the case. Servicios attempts to overcome this obstacle by asserting that JCAM's actions were undertaken "within the scope of the joint venture enterprise between JCI and JCAM." (Am. Compl., at ¶¶ 39, 44, 52).

However, Servicios does not adequately plead the existence of a joint venture. Servicios need not provide detailed factual allegations, but it must raise a plausible claim supported by more than "mere conclusory statements" or "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct at 1949 (citing *Twombly*, 550 U.S. 544). Servicios fails to do so. Instead, Servicios states only the following to establish a joint venture between JCI and JCAM:

> Upon information and belief, JCI is a partial owner of JCAM, which is a joint venture. Upon information and belief, within the scope of the joint venture enterprise, JCAM assists in the manufacture in Mexico of automobile seats and interiors supplied to the automotive industry by JCI in its capacity as a Tier-1 supplier to the automotive industry.

(Am. Compl. at ¶ 3). This epitomizes a naked assertion because it simply states the legal conclusion that a joint venture exists without any supporting factual allegations.

A plaintiff must plead four elements to establish a joint venture: 1) contribution of money or services by each of the parties; 2) joint proprietorship and mutual control over the subject matter of the venture; 3) an agreement to share profits; and 4) an express or implied contract establishing the relationship. *See Ruppa v. American States Insurance Co.*, 91 Wis. 2d 628, 645, 284 N.W.2d 318, 325 (1979). Servicios does not allege facts suggesting that JCI and JCAM jointly contribute money,

-4-

exercise mutual control, share profits, or have a contract establishing their relationship. Indeed, Servicios fails to even assert that it meets the required elements.

Servicios does not directly respond to JCI's allegations that the amended complaint insufficiently pleads the existence of a joint venture. Instead, Servicios asserts that JCI's claim of ignorance regarding a joint venture between itself and JCAM is disingenuous. Servicios submits that JCI filed an action in Michigan in June 2008 in which JCI's complaint alleged "JCI is a partial owner of JCAM, which is a joint venture." (Pl.'s Resp. Br. Mot. Dismiss, at 2). Therefore, Servicios concludes, JCI cannot deny that it is part of a joint venture and its motion to dismiss must fail.

The court disagrees. First, the complaint JCI filed in a separate and unrelated legal action in a different state has no bearing on the adequacy of Servicio's pleading in this case. Servicio's conclusory allegations do not satisfy even the lenient requirements of notice pleading. Second, even if JCI's Michigan complaint was relevant, the court cannot consider any statements contained therein when resolving JCI's Rule 12(b)(6) motion. This is because a district court may not look to materials beyond the pleading itself in deciding a motion to dismiss. *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996).

The court determines that Servicios fails to state a claim on Counts Four, Five and Six because it fails to adequately plead the existence of a joint venture.[3] Therefore, court will grant JCI's motion and dismiss these counts without prejudice.

Accordingly,

**IT IS ORDERED** that the defendant's Partial Motion to Dismiss Counts Four, Five and Six of the Amended Complaint (Docket #14) be and the same is hereby **GRANTED**. Counts Four, Five and Six are **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[3] Because the court finds Servicios failed to adequately plead the existence of a joint venture between JCI and JCAM, the court need not address JCI's alternative argument that JCI cannot be liable for the actions of JCAM, a separate legal entity, because Servicios fails to establish any basis for "piercing the corporate veil."